NOT DESIGNATED FOR PUBLICATION

Nos. 129,487
129,488
129,489

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOREL O. JACKSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed July 2, 2026. Vacated in part and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).


Before WARNER, C.J., ISHERWOOD and HURST, JJ.


PER CURIAM: Jorel Jackson challenges the district court's calculation of his jail credit, arguing the credit awarded cannot be reconciled with the Kansas Supreme Court's recent decision in *State v. Ervin*, 320 Kan. 287, 311-12, 566 P.3d 481 (2025). We granted Jackson's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). We now vacate the district court's jail-credit determination in one of the cases before us and remand so the court may allot the appropriate jail credit under *Ervin*.

The facts relevant to our analysis of this question are largely undisputed. Between June 2023 and October 2024, Jackson pleaded guilty to multiple drug-related crimes in

1

three cases. The court sentenced Jackson to consecutive terms of incarceration for each case but then suspended the sentences and granted Jackson probation in all three cases. The court later revoked Jackson's probation after he continued to struggle with drug addiction, ordering him to serve the prison and jail sentences originally imposed.

Jackson had been in jail for various periods of time while his cases were pending. But the question of jail credit in these cases was not discussed at sentencing; instead, the court handled the issue of jail credit through the journal entries:

- In Case No. 23CR150 (Case One), the court credited Jackson's sentence for significant time that he had spent incarcerated at various times throughout the case. Jackson does not challenge this determination on appeal.

- In Case No. 23CR300116 (Case Two), the court's journal entry found that Jackson had been incarcerated four times for a total of 191 days while the case was pending. But the court found that Jackson was not entitled to any credit against his sentence, as he had already received credit for that time against his sentence in Case One.

- The court also denied Jackson's request for credit in the third case for the same reason. But the offenses giving rise to those convictions occurred in September 2024, after the legislature amended K.S.A. 2024 Supp. 21-6615 to prohibit duplicative jail credit for cases arising after May 23, 2024. Jackson does not challenge that denial on appeal.

Jackson's three cases have been consolidated on appeal. But he only challenges the district court's denial of jail credit in Case Two, claiming the district court erred by failing to credit his sentence for all days he spent in custody pending the disposition of that case. The State does not respond to his argument.

2

We note that Jackson did not raise his objections to jail credit before the district court. "[I]ssues not raised in the district court generally will not be considered on appeal." *Ervin*, 320 Kan. at 306. But courts may depart from this preservation rule in some instances when the facts are largely undisputed and the record otherwise is sufficient to allow for our consideration of a question. See *State v. Watie*, 66 Kan. App. 2d 166, 168, 577 P.3d 674 (2025) (review supported because the district court did not announce the defendant's jail credit at sentencing), *rev. denied* 321 Kan. 795 (2026). Most notably, courts have consistently considered issues relating to jail credit raised for the first time on appeal, especially when the matter was handled through journal entries rather than during a hearing. See *Ervin*, 320 Kan. at 306; *State v. Brown*, 65 Kan. App. 2d 663, 670-71, 570 P.3d 1278, *rev. denied* 321 Kan. 791 (2025). We follow the same course here.

In Kansas, jail credit is governed by K.S.A. 21-6615(a). In general, a defendant's jail credit is governed by the statute in effect at the time they committed the crimes. *State v. Mitchell*, 66 Kan. App. 2d 196, 207, 579 P.3d 970 (2025), *rev. granted* 321 Kan. 793 (2026). For sentencing purposes, a "'person convicted of a crime is sentenced in accordance with the sentencing provisions in effect at the time the crime was committed.'" *State v. McLinn*, 307 Kan. 307, 337, 409 P.3d 1 (2018) (quoting *State v. Overton*, 279 Kan. 547, 561, 112 P.3d 244 [2005]). The actions giving rise to Jackson's convictions in Case Two took place in December 2023, so he argues that K.S.A. 21-6615(a) (Self 2023) controls our analysis. The State has not indicated any disagreement with this principle.

K.S.A. 21-6615(a) (Self 2023) required that a defendant's sentence be calculated to include "an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Our Supreme Court analyzed this language in *Ervin* and held that it "required a district court . . . to award one

3

day of credit for each day that [a defendant] was incarcerated pending disposition of this case regardless of whether he received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12.

Jackson points out that the district court's journal entry shows that he was held in custody for a total of 191 days between December 8, 2023, and August 8, 2025. We agree—the journal entry unequivocally includes these timeframes and states that the only reason the court did not credit his sentence for that time was because it had already credited those days towards his sentence in Case One. Under our Supreme Court's interpretation of K.S.A. 21-6615 (Self 2023) in *Ervin*, Jackson is correct that the district court was required to award one day of jail credit for each day of incarceration pending disposition of his case, even if that would result in duplicative credit. See 320 Kan. at 311-12.

We vacate the district court's jail-credit calculation in Case Two and remand with directions that, consistent with *Ervin*, Jackson's sentence be credited for the 191 days he spent in custody pending the disposition of that case.

Vacated in part and remanded with directions.